IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEBRA L. LEWIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **05-776-WDS** |
| ) | |
| **SCHOOL DISTRICT # 70, et al.,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court are plaintiff's motions to compel the defendants to: (1) fully comply with requests for production Nos. 10, 16 and 19 **(Doc. 42)**; and (2) allow testing of a tape recorder that purportedly broke during the March 21, 2005, School Board meeting where plaintiff's employment status was admittedly discussed **(Doc. 43)**. Each will be addressed in turn.

**Requests for Production**

**Request No. 10**

Request No. 10 seeks: "Minutes of board meetings and executive sessions, including audio and/or video recordings, since 1-1-97." **(Doc. 42-2, p. 8 (as numbered in the CM-ECF system))**. At this juncture, the only minutes at issue are the minutes of the June 2004 closed session in which the creation of an office manager position was purportedly discussed. Defendants have agreed to produce the original tape of the March 21, 2005, closed session.[1]

---

[1] The parties have informally presented arguments regarding a note mentioning the March 2004 faulty tape recording, which defendants contend is protected by attorney-client privilege,

1

Defendants object to producing the June 2004 minutes, noting that the meeting was five months before plaintiff even requested FMLA leave, and nine months before she was relieved as bookkeeper. **(Doc. 44, p. 10).** According to the declaration of Superintendent/defendant Hawkins, plaintiff, her performance, absenteeism or position were not discussed during the March 2004, closed session. **(Doc. 44-12, ¶ 5).** Plaintiff counters that the March 2004 minutes reflecting the creation of the office manager position are relevant to her claim for intentional infliction of emotional distress. Plaintiff argues that the minutes may reflect why the office manager position was needed and why plaintiff was not give that job. Plaintiff views the creation of the position and failure to appoint her office manager to be a result of Hawkins' "scheme" "against plaintiff and in favor of Mr. Janssen since June 2004." **(Doc. 58, p. 2).**

Although there are strong indications that plaintiff's counsel has lost his perspective and as a result is stretching the bounds of the complaint, the Court does deem the creation of the office manager position to be relevant to plaintiff's intentional infliction of emotional distress claim. Therefore, the minutes of the June 2004 closed session must be produced. Insofar as portions of the minutes may not be relevant, the defendant School Board must proffer a proper privilege log. The School Board may also argue that not all portions of the June 2004 meeting are relevant. At this late juncture, in the interest of judicial economy, *if* any privilege is asserted, or *if* defendant does not want to argue for the production of only a limited portion of the minutes and/or recording, the School Board should file the appropriate motion and materials with the

---

and which plaintiff desires leave to utilize. **(*See* Docs. 44 and 58).** Defendants have not properly asserted that the note is privileged, nor have they sought its return. Plaintiff has not properly filed a motion regarding the note. Therefore, this Court need not address the note and the parties' informal contentions further.

Court, including filing the minutes and/or recordings under seal.  The Court will then be able to quickly separate the wheat from the chaff.

### Request No. 16

Request No. 16 seeks: "Communications between any defendant and any trainer or training entity that was involved with training Mark Janssen, including bills."  **(Doc. 42-2, p. 9 (as numbered in the CM-ECF system)).**  "Communication" is broadly defined and specifically includes written or oral communications.   **(Doc. 42-2, p. 6 (as numbered in the CM-ECF system)).**   The defendants have admittedly produced some written documents, which Superintendent Hawkins declares are all the documents that have been located.  **(Doc. 44-12, ¶ 8).**  Plaintiff complains that there obviously had to be multiple communications in order to secure trainer Deb Wuebbens' services, and plaintiff therefore questions if all written and oral communications have been produced.  **(Doc. 58, p. 3).**

Plaintiff is apparently blind to the possibility that there may have been oral or written communications between the School District and the trainer or training company, but those communications may not be in the possession and control of the defendants, or those communications may not have been memorialized in writing or on tape.  The Court has no cause to question the declaration of Superintendent Hawkins, or the assertions of defense counsel.  Therefore, plaintiff's motion to compel with respect to Request No. 16 is denied.

Plaintiff contends the "instructions" tendered as part of her request for production, require the defendants to provide a host of information aimed at tracking down documents no longer in existence or no longer in defendants' custody and control.  (*See* **Doc. 42-2, p. 7, ¶¶ 5 and 6 (as numbered in the CM-ECF system)).**  Such "instructions" are better characterized as

interrogatories under Federal Rule of Civil Procedure 33, rather than as part of the defendants' obligation for production under Federal Rule of Civil Procedure 34.  Therefore, defendants are not obligated to answer plaintiff's "instructions."

**Request No. 19**

Request No. 19 seeks: "All emails [sic] with attachments sent or received by anyone at the school since 1-1-97."  **(Doc. 42-2, p. 9 (as numbered in the CM-ECF system)).**  The defendants initially objected that the request was vague, ambiguous, overly broad, unduly burdensome, oppressive, and would encompass matters not relevant to this litigation.  **(Doc. 44-3, pp. 6-7).**  Defendants subsequently have produced some e-mails, which Superintendent Hawkins' declaration indicates are all the e-mails known to exist to and from plaintiff, or pertaining to plaintiff's performance during het time period at issue.  **(Doc. 44-12, p. 2, ¶ 9).**

Plaintiff now takes issue with not only the limited number of e-mails produced, but also the fact that they were produced in a disorganized fashion, in printed form, rather than in a word-searchable electronic form as requested.  Plaintiff argues that modern technology should enable a relatively easy word search of all e-mails.  However, Hawkins' declaration indicates the School District's e-mail server automatically removes e-mails not saved by the recipient to a specific folder after 14 days, and they are deleted with 10 days after that.  **(Doc. 44-12, p. 3, ¶ 10).**  Plaintiff counters that the School District was anticipating litigation at least as early as October 2004, they should have altered their normal document retention policies accordingly, and should now show cause for not doing so.

As drafted, Request No. 19 is overly broad and would clearly encompass e-mails not relevant to this litigation.  The Court cannot compel defendants to comply with Request No. 19

on that basis alone.

The Court does not doubt that modern technology would lessen the burden of searching for relevant e-mails, but the search would undoubtedly not be perfect. Plaintiff hopes to cull out e-mails that show her doing her job, problem solving and interacting well with her colleagues. Nevertheless, e-mails are not the only manner of proving those things. In any event, according to Superintendent Hawkins' declaration, it appears that defendants have made a reasonable attempt to provide responsive e-mails that are still in existence, so plaintiff has been provided with more materials than she is rightfully entitled to.

Insofar as plaintiff asserts that the defendants should have altered their usual document retention practices as early as October 2004 because they anticipated litigation, plaintiff relies on case law from the Southern District of New York, which is not controlling on this Court. Furthermore, the Court does not perceive that the defendants should have reasonably anticipated litigation as early as October 2004, which was even before plaintiff took FMLA leave, and before the Board decided to replace plaintiff in March 2005. In addition, it is not reasonable for the defendants to have foreseen that all e-mails would be relevant to plaintiff's situation. Therefore, the defendants need not produce anything more in response to Request No. 19.

## Inspection of Tape Recorder

Plaintiff initially desired to inspect the tape recorder that was used to record the minutes of the March 21, 2005, School Board session wherein plaintiff's job status was discussed. According to the declaration of Superintendent Hawkins, through either mechanical or human error, portions of the meeting were not recorded, and here are no other notes or minutes reflecting what was discussed. **(Doc. 44-12, ¶ 6).**

At this point all parties appear to recognize that if defendants cannot pinpoint which of ten potential tape recorders was used on March 21, 2004, then testing a recorder or all recorders is pointless.  Therefore, plaintiff's motion to compel inspection is denied as moot.

Plaintiff now suggest defendants be required to show cause why they should not be sanctioned for spoliation of evidence.  **(Doc. 58).**  This sort of situation is relatively common, and there is no instant cause for suspicion, or reason to question Superintendent Hawkins' declaration.  Therefore, the Court will not order defendants to show cause for their failure to identify the specific recorder used on March 21, 2004.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel the defendants to respond to requests for production 10, 16 and 19 **(Doc. 42)** is **GRANTED IN PART AND DENIED IN PART**, as fully explained in this order.  On or before **September 8, 2006**, defendants shall: (1) produce to plaintiff the minutes of the June 2004 closed session; or (2) proffer to plaintiff a proper privilege log, *and* file a privilege log and/or motion related to any portions not produced– the minutes and/or recordings should also be filed under seal.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel inspection **(Doc. 43)** is **DENIED**.

**IT IS SO ORDERED.**

DATED:  August 25, 2006

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
