IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBRA L. LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 05-CV-776-WDS |
| ) | |
| SCHOOL DISTRICT #70, a corporation, ) | |
| JOHN BLOMENKAMP, TAMMY ) | |
| CARPENTER, ROBIN HAWKINS, ) | |
| SHANE JONES, STEVE LINDAUER, ) | |
| HERSCHEL PARRISH, DEAN ) | |
| SALVATORE, RICHARD TROLARD, ) | |
| LAURIE WATKINS and SCOTT ) | |
| WEBER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant Shane Jones's motion to dismiss counts III and IV, or alternatively, for summary judgment (Doc. 25), to which plaintiff has responded (Doc. 33), and defendant[1] has replied (Doc. 37).

## BACKGROUND

Plaintiff, the former bookkeeper of Freeburg School District #70, filed a four count complaint against the school district, several of the district's former and current board members, the superintendent of schools, and the district's attorney. Count I alleges violations of the Family and Medical Leave Act. Count II alleges breach of contract. Count III alleges defamation by defendant Jones, the district's attorney. Count IV, alleges intentional infliction of emotional distress. Plaintiff claims that after taking FMLA leave, she was retaliated against in that she was

---

[1] There are several defendants in this matter. When used in this Order, the term "defendant" shall refer exclusively to Shane Jones.

reassigned to a different position in an attempt to cause her extreme emotional distress.

Defendant now moves this Court to dismiss Counts III and IV, or alternatively, for summary judgment. Count IV, intentional infliction of emotional distress, was dismissed by stipulation as to this defendant. (Docs. 35, 36). Accordingly, defendant's motion, as it relates to Count IV, is **DENIED** as moot.

Defendant argues that Count III should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant argues plaintiff cannot prove any of the requisite elements of a defamation claim: first, that the alleged defamatory statement was false; second, that it was not privileged; third, that the statement was published to a third party; and fourth, that plaintiff was damaged. (Doc. 25). In the alternative, defendant moves for summary judgment.

## **STANDARD**

To sustain a dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations as true and construe the complaint in the light most favorable to the plaintiff. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that no relief may be granted under any set of facts that could be proved consistent with the allegations in the complaint. *Conley*, 355 U.S. at 45-46; *Veazey v. Commc'ns & Cable of Chi., Inc.*, 194 F.3d 850, 854 (7th Cir. 1999).

When, as here, the parties have presented matters outside the pleadings for evaluation by the Court, a motion to dismiss should be treated as one for summary judgment and disposed of as provided in Rule 56. *See Covington v. Ill. Sec. Serv., Inc.*, 269 F.3d 863, 864-65 (7th Cir. 2001)

*(*quoting Fed. R. Civ. P. 12(b)). Accordingly, defendant's motion to dismiss is **DENIED** and the Court will consider it as it was alternatively plead—as a motion for summary judgment. Since the motion was originally plead in the alternative as a motion for summary judgment, it is not necessary for the Court to allow time for the parties to present any additional material as provided by Rule 12(b), as they have already done so.

A district court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c): *see also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). The moving party initially bears the burden of demonstrating an absence of genuine issues of material fact, indicating that judgment should be granted as a matter of law. *Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1999) (citing *Celotex*, 477 U.S. at 323). Once a motion for summary judgment has been made and properly supported, however, the nonmovant has the burden of setting forth specific facts showing the existence of a genuine issue for trial. *See id.* In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment, the Court will not resolve factual disputes, weigh conflicting evidence, or make credibility determinations. *See Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001); *Miranda v. Wis. Power & Light Co.*, 91 F.3d 1011, 1014 (7th Cir. 1996).

## ANALYSIS

Under Illinois law, to sustain her claim of defamation, plaintiff must show that defendant made a false statement about the plaintiff, there was an unprivileged publication to a third party by the defendant, and the publication damaged the plaintiff. *Gibson v. Philip Morris, Inc.*, 292 Ill. App.3d 267, 272, 685 N.E.2d 638 (1997).

The statement at issue was made by defendant in a March 24, 2005, e-mail to plaintiff's attorney.[2] He stated that "[t]he District has determined that Ms. Lewis's performance in the bookkeeper job assignment is not satisfactory." (Compl., Doc. 2-1, ¶ 40; Doc. 26-2, Ex. B). Defendant asserts that plaintiff's defamation claim must fail because this is a true statement.

The record is replete with evidence supporting the veracity of defendant's statement:

(1). The superintendent spoke with plaintiff several times in the school year preceding her job transfer regarding specific concerns with her performance, including whether bills were being paid in a timely fashion, the organization of her work area, and her lack of availability to staff, vendors and others.[3] (Doc. 2, Ex. 4; Doc. 2, Ex. 8; Doc. 26-1, ¶ 4).

(2). The district determined that plaintiff "miss[es] too much work to meet the essential functions" of the bookkeeping position. (Doc. 2, Ex. 5).

---

[2] Defendant also sent blind carbon copies of this e-mail to his co-counsel, Margaret Hesse, and defendant Robin Hawkins.

[3] Plaintiff admits in her affidavit that the superintendent

> did discuss with me common everyday problems over the years, and he mentioned my absences to me, but he never couched those discussions as 'concerns about job performance.' . . . He never led me to believe that he was going to fire me . . .. Since he never gave me any warning I was about to be fired I didn't alter my behavior.

(Doc. 33-3, Ex. 2, ¶ 3). The Court finds this admission to be indicative of poor performance. She admits that she never altered her behavior, even though she and the superintendent discussed problems with her performance.

(3). In plaintiff's most recent employee evaluation, dated March 7, 2005, the superintendent stated that eleven of thirteen categories were not rated as "very good" as

> a direct result of [plaintiff's] reduced hour schedule. As I have mentioned many times when we discuss this, I understand your committment [sic] to taking care of your parents. I also understand you are doing what you can to prioritize so that crucial deadlines are not missed. Unfortunately, as I told you, you cannot continue as you are and be effective in all arenas. I understand your personal dilemma. I have tried to balance that with the needs of the district.

(Doc. 2, Ex. 6).

(4). Plaintiff admits that she failed to complete certain reports. (Doc. 38, Req. 88).

Thus, defendant has met his burden of demonstrating an absence of genuine issues of material fact as to the veracity of the statement. The burden now shifts to plaintiff to set forth specific facts showing the existence of a genuine issue for trial. *See Lindemann*, 141 F.3d at 294. In support of her claim that defendant's statement was false, plaintiff offers only self-serving statements uncorroborated by evidence, and the same employment evaluation outlined above. The superintendent has, in the past, classified plaintiff as a "valuable employee and an asset to the District." (Doc. 2, Ex. 8, p. 2). However, these words were couched in correspondence regarding the need for improved performance on behalf of plaintiff. Further, plaintiff was transferred, not fired, indicating that although the district found her performance unsatisfactory as a bookkeeper, they do believe she is capable of performing other tasks with the district.

"[A] bare contention that an issue of fact exists is insufficient to raise a factual issue." *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir. 1983), *cert. denied*, 464 U.S. 960 (1983). The Court **FINDS** that there is no genuine issue of material fact regarding the veracity of the statement at issue, and defendant is entitled to judgment as a matter of law since plaintiff cannot

establish the requisite elements of a defamation claim. It is, accordingly, unnecessary for the Court to address the remaining arguments. Defendant's motion for summary judgment as to Count III is **GRANTED**. As outlined above, defendant's motion for summary judgment as to Count IV is **DENIED** as moot.

    **IT IS SO ORDERED.**

    **DATED:   September 6, 2006.**

                                                      s/ WILLIAM D. STIEHL
                                                        **DISTRICT JUDGE**