IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEBRA L. LEWIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 05-CV-776-WDS |
| | ) |
| SCHOOL DISTRICT #70, a corporation, | ) |
| JOHN BLOMENKAMP, TAMMY | ) |
| CARPENTER, ROBIN HAWKINS, | ) |
| SHANE JONES, STEVE LINDAUER, | ) |
| HERSCHEL PARRISH, DEAN | ) |
| SALVATORE, RICHARD TROLARD, | ) |
| LAURIE WATKINS and SCOTT | ) |
| WEBER, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court are several motions: plaintiff's motion to alter the Court's Order of September 6, 2006 (Doc. 71), to which defendant Jones has responded (Doc. 74), and plaintiff has replied (Doc. 78); defendants' joint motion for summary judgment (Doc. 66), to which plaintiff has responded (Doc. 75), and defendants have replied (Doc. 80); and plaintiff's motion for summary judgment as to Count I (Doc. 68), to which defendants have responded (Doc. 77), and plaintiff has replied (Doc. 84).

**BACKGROUND**

Plaintiff, the former bookkeeper of Freeburg School District #70, filed a four count complaint against the school district, several of the district's former and current board members, the superintendent of schools, and the district's attorney. Count I alleges violations of the Family and Medical Leave Act. Count II alleges breach of contract. Count III alleges defamation by

defendant Shane Jones, the district's attorney. Count IV, alleges intentional infliction of emotional distress. Plaintiff claims that after taking FMLA leave, she was retaliated against in that she was reassigned to a different position in an attempt to cause her extreme emotional distress.

Count IV, intentional infliction of emotional distress, was dismissed by stipulation as to defendant Jones. (Docs. 35 & 36). In an Order dated September 6, 2006, the Court granted summary judgment on Count III, defamation, in favor of defendant Jones, and against plaintiff. (Doc. 63). Plaintiff's defamation claim was based on defendant Jones's statement that "[t]he District has determined that Ms. Lewis's performance in the bookkeeper job assignment is not satisfactory." (Compl, Doc. 2-1, ¶ 40; Doc. 26-2, Ex. B).

**I.        Plaintiff's Motion to Alter the Court's September 6, 2006, Order (Doc. 71).**

Plaintiff now asks the Court, pursuant to Fed. R. Civ. P. 60(b), to alter its September 6, 2006, Order which granted summary judgment in favor of defendant Jones on Count III of plaintiff's complaint. In that Order, the Court found that defendant Jones was entitled to summary judgment because plaintiff could not establish the requisite elements of a defamation claim. Under Illinois law, to sustain her claim of defamation, plaintiff must show that defendant made a false statement about the plaintiff, there was an unprivileged publication to a third party by the defendant, and the publication damaged the plaintiff. *Gibson v. Philip Morris, Inc.*, 685 N.E.2d 638, 643 (Ill. App. Ct. 1997). The Court found that defendant had met his burden of demonstrating an absence of genuine issue of material fact as to the veracity of the statement because the record was replete with evidence of the statement's veracity. The burden then shifted to plaintiff to set forth specific facts showing the existence of a genuine issue for trial. She failed

to do so and the Court granted summary judgment in favor of defendant.

Plaintiff now seeks to introduce new evidence to the Court. Plaintiff submits minutes and recordings from school board discussions, claiming that this evidence shows that the district did not determine that plaintiff's work was unsatisfactory. This constitutes a complete abandonment of plaintiff's prior argument—that her work was satisfactory—and presents an entirely new argument for challenging the statement's veracity, that the district never "determined" that her work was unsatisfactory.

A motion for reconsideration "allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996). The motion for reconsideration is not an opportunity for a party to correct its own procedural failures or introduce evidence that should have been brought to the attention of the court prior to judgment. *See*, *Johnny Blastoff, Inc. v. L.A. Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999); *see also, Calumet Lumber, Inc. v. Mid-America Indus., Inc.*, 1996 WL 308243, at *1 (N.D. Ill. June 5, 1996).

The Federal Rules of Civil Procedure provide two ways in which a party may seek reconsideration of the merits of an order of the Court, namely, Rule 59(e) or Rule 60(b). *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir.1992). Here, plaintiff seeks relief under Rule 60(b). (Doc. 71).

Rule 60(b) is similar to Rule 59(e) in that it enables a party to seek relief from a court's order; however, a court may grant relief only under the particular circumstances enumerated in the Rule, including: 1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, or discharged judgment;

or (6) any other reason justifying relief from the operation of the judgment. "Rule 60(b) is . . . an extraordinary remedy," which does not allow for "general pleas of relief." *Deutsch*, 981 F.2d at 301 (internal citation omitted). Nor is Rule 60(b) the "proper avenue to redress mistakes of law committed by the trial judge." *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989). As stated above, plaintiff now seeks relief based on newly discovered evidence.

Plaintiff argues that the district could not have "determined" her job performance was unsatisfactory, as stated by defendant Jones in an e-mail to plaintiff's attorney/husband. The basis of plaintiff's argument is that the minutes of the school board meetings do not show a vote on this issue, that defendants admit that they did not vote on plaintiff's employment on March 21, 2005, and that even if they discussed her employment in a closed session it would have no legal effect under Illinois law.[1]

The Court finds that plaintiff is placing unneeded emphasis on the word "determined." Defendant Jones simply stated that "[t]he District has determined that Ms. Lewis's performance in the bookkeeper job assignment is not satisfactory." (Compl, Doc. 2-1, ¶ 40; Doc. 26-2, Ex. B). He did not say that the district voted at an official meeting, conducted an in depth review of plaintiff's performance, etc. The Court found in its prior Order that there was sufficient evidence to support the veracity of defendant Jones's statement, and that plaintiff had not established a genuine issue of material fact for trial. The new evidence and arguments presented in plaintiff's present motion provide no basis for the Court to alter or amend its prior ruling. Accordingly, plaintiff's motion to alter the Court's September 6, 2006, Order (Doc. 71) is **DENIED** on all

---

[1]The Court notes that in her pleadings, plaintiff consistently misrepresents defendants' admissions contained in their statement of undisputed facts (Doc. 67). Plaintiff and her attorney are cautioned to refrain from such activity in the future.

grounds raised.

**II.     Defendants' Motion for Summary Judgment (Doc. 66).**

Three counts remain before the Court. Count I alleges violations of the Family and Medical Leave Act. Count II alleges breach of contract. Count IV alleges intentional infliction of emotional distress ("IIED"). This claim has been dismissed as to defendant Jones, but remains pending against all other defendants.[2] Defendants now move for summary judgment on all remaining counts.

Defendants argue they are entitled to summary judgment on plaintiff's claims under the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 to 2654 ("FMLA") because the record shows that plaintiff was removed from the bookkeeper's position due to poor performance, she was not deprived any substantive right provided by the FMLA, defendants did not retaliate or discriminate against plaintiff for exercising her FMLA rights, and the individual defendants are not employers under the FMLA. (Doc. 66, pp. 1-2).

Defendants argue they are entitled to summary judgment on plaintiff's breach of contract claim because "plaintiff's claim for breach of contract arises from a policy of the School District implementing the FMLA[,] and for the reasons that the FMLA claims fail, the breach of contract claim fails." (Doc. 66, p. 2). As to the IIED claim, defendants argue they are entitled to summary judgment because "the record demonstrates no genuine issue of fact that the School Defendants engaged in no (sic) conduct which can objectively be deemed extreme and outrageous." (Doc. 66, p. 2).

---

[2]As all claims against Jones have been dismissed, he is no longer a party to this action. Therefore, the term "defendants," when used in the remainder of this Order, shall encompass Freeburg School District # 70, John Blomenkamp, Tammy Carpenter, Robin Hawkins, Steve Lindauer, Herschel Parrish, Dean Salvatore, Richard Trolard, Lauri Watkins and Scott Weber.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party initially bears the burden to demonstrate an absence of genuine issues of material fact, indicating judgment should be granted as a matter of law. *See, Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1998) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once a motion for summary judgment has been made and properly supported, however, the nonmovant has the burden of setting forth specific facts showing the existence of a genuine issue for trial. *See, id.* In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor. *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A genuine issue of material fact exists only if " a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

### 1. Count I

The FMLA provides substantive rights to eligible employees of qualifying employers. It provides up to twelve weeks of leave during a year for a variety of personal and familial reasons. 29 U.S.C. § 2612(a)(1). It is unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" under the FMLA. 29 U.S.C. § 2615(a)(1); *Thomas v. Pearle Vision, Inc.*, 251 F.3d 1132, 1139 (7th Cir. 2001). Further, an

employer is prohibited from discharging or otherwise discriminating against an employee for exercising her rights under the FMLA. 29 U.S.C. § 2615(a)(2). Thus, an employee may state a cause of action under the FMLA in two ways: (1) establishing a deprivation of a right guaranteed by the FMLA; and (2) establishing discrimination based upon the exercise of rights under the FMLA. *King v. Preferred Tech. Group*, 166 F.3d 887, 891 (7th Cir. 1999).

In Count I, plaintiff alleges that defendants discriminated against her by transferring her in retaliation for requesting and taking FMLA leave. The issue before the Court is whether plaintiff's transfer from the bookkeeping position to the teacher's assistant position was motivated by an impermissible retaliatory or discriminatory animus. *King*, 166 F.3d at 891. Because plaintiff offers no direct evidence in support of her claim, the Court must employ the *McDonnell Douglas* framework in addressing her retaliation claim.[3] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Therefore, to survive a motion for summary judgment, plaintiff must establish that she engaged in a protected activity, the defendants took adverse action, and there is a causal connection between plaintiff's exercising her FMLA rights and her transfer. *King*, 166 F.3d at 892. The causal connection can only be shown if plaintiff demonstrates that defendants would not have transferred her but for her engaging in protected activity under the FMLA. *Id.*

Defendants and plaintiff agree that plaintiff qualified for FMLA protection and took intermittent leave thereafter. (Doc. 67, ¶¶ 47-52). Further, she was transferred to a lower paying job. Thus, plaintiff easily meets the first two elements of the prima facie case: she engaged in protected activity and she suffered an adverse employment action. However, plaintiff must also

---

[3]"Direct evidence is evidence which, if believed by the trier of fact, will prove the particular fact in question without reliance on inference or presumption." *Miller v. Borden, Inc.*, 168 F.3d 308, 312 (7th Cir. 1999).

show a causal connection between her exercise of FMLA rights and her transfer. This can only be shown by a demonstration that defendants would not have transferred plaintiff to the teacher's assistant position but for her engaging in protected activity under the FMLA.

Plaintiff qualified for FMLA leave because she needed to provide care for her mother who had a serious medical condition. Instead of taking an extended leave of absence, plaintiff took intermittent FMLA leave, where she continued with the functions of bookkeeper, but determined her own schedule. At some later point, the superintendent and board of education determined that plaintiff was no longer performing her bookkeeping duties satisfactorily and needed to be reassigned to another position. To that end, defendant Hawkins sent a letter to plaintiff stating in part, "It was determined that you miss too much work to meet the essential functions of your present assignment." Plaintiff argues that this shows she was retaliated against, because her absence from work was protected under the FMLA. However, the record is replete with evidence of plaintiff's shortcomings that are not associated with absenteeism. After all, plaintiff was working during her time covered by FMLA, only her schedule was changed. She worked partly from home, in the evenings, and over the weekends. She was still responsible for performing the functions of bookkeeper. The record shows that plaintiff made the following errors:

    a.    The school principal was underpaid;

    b.    Federal and local grant money received by the school district was delayed because plaintiff failed to prepare the requisite reports;

    c.    Plaintiff failed to prepare the financial report for the October 2004 board meeting;

    d.    Plaintiff repeatedly failed to pay bills on time;

e. Plaintiff failed to properly handle a dispute regarding an employee's retirement benefits;

f. Plaintiff failed to correct a known discrepancy regarding an employee's sick leave benefits;

g. Plaintiff erred in preparing employees' paychecks;

h. Plaintiff failed to timely deliver employees' 2004 W-2 forms;

i. On February 7, 2005, the district received notice that the Internal Revenue Service was imposing a $163,160.66 fine on the district for failure to file W-2 forms for district employees for the year 2001 (plaintiff's responsibility);

j. Plaintiff improperly withheld Medicare payments from the paychecks of three employees even though those employees had elected not to participate in Medicare;

k. Plaintiff failed to properly withhold Illinois state income taxes for one employee.

None of the above stated problems are related to absenteeism. Plaintiff simply was not performing the bookkeeping function adequately even when she was at work. Because plaintiff cannot show that defendants would not have transferred plaintiff to the teacher's assistant position but for her engaging in protected activity under the FMLA, defendants' motion for summary judgment as to Count I is **GRANTED**. Judgment is **GRANTED** as to defendants School District #70, John Blomenkamp, Tammy Carpenter, Robin Hawkins, Steve Lindauer, Herschel Parrish, Dean Salvatore, Richard Trolard, Laurie Watkins and Scott Weber and against plaintiff on plaintiff's claims under the FMLA. Plaintiff's motion for summary judgment as to Count I (Doc. 68) is **DENIED** as moot.

**2.     COUNT II**

Count II alleges breach of contract against the defendants for failure to comply with FMLA requirements. Defendants argue they are entitled to summary judgment on this claim because it is intricately related to plaintiff's FMLA claim contained in Count I, which is without merit. The Court agrees. Because Count I fails as plaintiff cannot state a prima facie case of a FMLA violation by defendants, Count II must also fail. Accordingly, defendants' motion for summary judgment as to Count II is **GRANTED**. Judgment is **GRANTED** as to defendants School District #70, John Blomenkamp, Tammy Carpenter, Robin Hawkins, Steve Lindauer, Herschel Parrish, Dean Salvatore, Richard Trolard, Laurie Watkins and Scott Weber and against plaintiff on plaintiff's breach of contract claim.

**3.     COUNT IV**

The last remaining claim, Count IV, alleges intentional infliction of emotional distress. In order to succeed on this claim, plaintiff must prove (1) the conduct involved must be extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001); *Hegy v. Comty. Center of Fox Valley*, 148 F.Supp.2d 892, 897 (N.D. Ill. 2001).

An IIED claim is actionable only if it is "so severe that no reasonable man could be expected to endure it." *Honaker*, 256 F.3d at 495. Further, conduct will not be considered outrageous unless it is "beyond all bounds of human decency." *Id.* at 490. "Mere insults, indignities, threats, annoyances, petty oppressions, or trivialities" do not rise to the level of

intentional infliction of emotional distress. *Oates v. Disc. Zone*, 116 F.3d 1161, 1174 (7th Cir. 1997). The Court should consider whether the plaintiff is "peculiarly susceptible to emotional distress because of some physical or mental condition." *Honaker*, 256 F.3d at 492. Also, the Court should consider whether defendants abused their position of actual or apparent authority over plaintiff.

Here, plaintiff alleges defendant Hawkins placed negative comments in her personnel file (regarding her work), told her she was missing too much work, told the board of education that plaintiff was missing too much work, and told lies about plaintiff's work performance in order to protect his friends' jobs. She further alleges that defendant Jones stated she was fired for unsatisfactory work performance—she disputes that as the reason for her transfer.[4] Plaintiff includes the board members in this Count because she contends that they condoned and ratified defendant Hawkins's actions.

None of these allegations, if true, can be considered "beyond all bounds of human decency," even considering defendant's authority over plaintiff and plaintiff's fragile emotional condition. Accordingly, defendants' alleged conduct does not rise to the level of intentional infliction of emotional distress. Defendants' motion for summary judgment as to Count IV is, therefore, **GRANTED**. Judgment is **GRANTED** in favor of defendants School District #70, John Blomenkamp, Tammy Carpenter, Robin Hawkins, Steve Lindauer, Herschel Parrish, Dean Salvatore, Richard Trolard, Laurie Watkins and Scott Weber and against plaintiff on plaintiff's intentional infliction of emotional distress claim.

---

[4] Plaintiff uses the term "fired" in her complaint. However, the record supports defendants' contention that she was not fired, but was transferred to a different position.

## CONCLUSION

For the above stated reasons, plaintiff's motion to reconsider (Doc. 71) is **DENIED** on all grounds raised. Defendants' motion for summary judgment (Doc. 66) is **GRANTED**, and judgment is **GRANTED** in favor of defendants School District #70, John Blomenkamp, Tammy Carpenter, Robin Hawkins, Steve Lindauer, Herschel Parrish, Dean Salvatore, Richard Trolard, Laurie Watkins and Scott Weber and against plaintiff on Counts I, II and IV. Plaintiff's motion for summary judgment as to Count I (Doc. 68) is **DENIED** as moot. Count III had previously been dismissed, as well as Count IV as it related to defendant Jones. Therefore, as there are no remaining claims before the Court, the clerk of the court is **DIRECTED** to enter judgment accordingly, Each party shall bear its own costs.

    IT IS SO ORDERED.

    DATED:   November 28, 2006.


                                        s/ WILLIAM D. STIEHL
                                            DISTRICT JUDGE