IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DEBRA L. LEWIS,**

Plaintiff,

v.

**SCHOOL DISTRICT # 70, et al.,**

Defendants.

Civil No. **05-776-WDS**

# ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to compel the defendants to produce and/or supplement materials and information previously requested or disclosed. **(Doc. 131).** More specifically, plaintiff seeks:

1. Compensation data of the defendant school district's employees beginning with the 2004/2005 school year to the present;

2. Copies of the defendants' legal bills from September 2005 to the present;

3. The School Board's open session meeting minutes from November 2005 to the present; and

4. The School Board's closed session meeting minutes in written form from January 1997 to the present, and in recorded form from January 2004 to the present.

The defendants object to the subject motion, noting that the discovery period closed in August 2006, and principally arguing that the requested materials are not relevant to the issues remaining in the case. **(Doc. 135).** With respect to the meeting minutes, both parties essentially reiterate their positions regarding the defendants' pending motion to limit evidence to only those remedies available under the Family and Medical Leave Act **(Docs. 107 and 118)**. From the

defendants' perspective, the parameters of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2617, would exclude evidence of emotional distress and consequential damages, and leave issues of front and back pay to the trial judge, not the jury. In reply, plaintiff contends that the issue is whether it is fair to deprive her of information needed to counter the defendants' "surprise" defense, particularly when the needed information is encompassed by previous discovery requests. **(Doc. 139).** Plaintiff also stresses her belief that the defendants have violated the Illinois Open Meetings Act and have been manipulating the discovery process, misleading the Court and conducting the defense in an unethical manner. **(Doc. 139).**

The defendants' motions in limine are the prerogative of U.S. District Judge William D. Stiehl, while the discovery issues are for the undersigned magistrate judge to determine.

**The Timing of the Motion to Compel**

As a preliminary matter, the timing of the subject motion must be addressed. Discovery closed August 14, 2006. Ordinarily, all motions pertaining to discovery issues should have been filed by that deadline. In this situation, the discovery period concluded, dispositive motions were filed and ruled on, and there was no indication of any pending discovery dispute. When the defendants were granted summary judgment, plaintiff appealed and the case was reversed and remanded relative to Count I, the FMLA retaliation claim, and Count II, the companion breach of contract, which is based on the FMLA. Although discovery closed long ago, the Court will entertain plaintiff's motion in light of the appellate decision and the evidentiary issues framed therein. However, it must also be understood that discovery was not reopened upon remand. ***See*** **Fed.R.Civ.P. 26(b)(2)(ii).**

**Federal Rule of Civil Procedure 26**

Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter relevant to the subject matter of the pending action, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. ***Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).**

Federal Rule of Civil Procedure 26(e) dictates that a party who has made a required disclosure or responded to a discovery request with a disclosure has a duty to supplement or correct the disclosure if the disclosing party learns the response is materially incorrect or incomplete, or if information thereafter acquired has not been made known to the parties during the discovery process or in writing.

**Compensation Data**

Plaintiff seeks compensation data of the defendant school district's employees– particularly plaintiff's replacement, Mark Janssen– beginning with the 2004/2005 school year to the present. Request No. 13 of Plaintiff's First Set of Requests for Production was aimed at securing compensation data from January 1, 1997, to the present. **(Doc. 135-2, p. 4).** The defendants generally objected to the relevance of that information, but agreed to produce information relative to Mr. Janssen. **(Doc. 135-2, p. 12).** Before now, plaintiff has never moved to compel additional production.

Defendants argue that further supplementation is not warranted because plaintiff's damages on her contract claim should be cutoff because of disability. As noted above, this argument is currently before the District Court in two motions to limit filed by the defendants.

**(*See* Docs. 107 and 118).**

The original request for production was for all School District employees' compensation data for an open-ended period. Insofar as plaintiff is now challenging the defendants' failure to provide compensation data for all employees, plaintiff's motion is untimely. In any event, on its face, the request is overly broad and would certainly encompass compensation data that could not possibly be relevant in this action. It is plaintiff's position that there was a period of time between her firing/reassignment and her complete disability– until January 2006– that she was able to work, and that because the defendants' wrongful action rendered her disabled she should be entitled to front pay without regard to any disability. **(*See* Doc. 115, p. 3).** Therefore, Janssen's compensation data falls within the broad scope of relevance and the defendants must continue to supplement their disclosure of compensation data as Janssen's compensation changes. Whether such evidence is actually admissible, and whether the defendants' motions regarding which remedies are available are issues for the trial judge to determine. Therefore, plaintiff's motion is granted, in that the defendants must make a supplemental disclosure of compensation for Mark Janssen for the period beginning with the 2004/2005 school year to the present.

**Legal Bills**

Plaintiff seeks copies of the defendants' legal bills from September 2005 to the present. These materials were the subject of Request No. 8 of Plaintiff's First Set of Requests for Production, to which defendants agreed to provide bills for the period July 2004-February 2006, noting other bills were already in plaintiff's possession. **(Doc. 135-2, pp. 3 and 10).** Defendants now object that supplementation is uncalled for because their legal bills are beyond the scope of

discovery and the bills are protected by the work product doctrine and attorney-client privilege.

It is too late for defendants to be objecting to the relevance of the request; that objection has been waived. The Court will consider the defendants assertion of the work product doctrine and attorney-client privilege because those issues are particular to individual bills and because of the seriousness of those protections.

When information is withheld on the basis of a claimed privilege or protection, the claimed privilege or protection must be expressly made and the nature of the information withheld must be described in a manner that will enable others to assess the applicability of the privilege or protection. **Fed.R.Civ.P. 26(b)(5).** The defendants have not prepared a privilege log, nor have they otherwise offered anything more than their sweeping assertion that production of the legal bills will violate the work product doctrine and attorney-client privilege. The defendants will be granted a brief period of time within which to submit a privilege log or turn over the requested legal bills, whichever they elect. If the defendants elect to continue their assertion of these protections, they must prepare a privilege log for plaintiff. If plaintiff desires to pursue the matter, another motion to compel must be filed, and at that time the defendants will be expected to submit the bills for in camera review.

**Minutes of Open and Closed Sessions**

Plaintiff seeks the School Board's open session meeting minutes from November 2005 to the present, as well as closed session meeting minutes in written form from January 1997 to the present, and in recorded form from January 2004 to the present. Request No.10 of Plaintiff's First Set of Requests for Production pertained to that same information, and the defendants' objection gave rise to a motion to compel. **(Doc. 135-2, p. 3; Doc. 42).** Defendants did timely

object that production of some of the minutes would invade the attorney-client privilege and violate the work product doctrine. The defendants agreed to provide bills for the period July 2004-February 2006, noting other bills were already in plaintiff's possession. **(Doc. 135-2, pp. 3 and 10).** In ruling on the motion to compel, the Court directed the defendants to prepare a proper privilege log (in much the same manner as explained above relative to the defendants' legal bills), and found the dispute over other disputed minutes to be moot. **(Doc. 62).** The Court heard nothing further from the parties on this issue until now.

With regard to the minutes of open meetings, plaintiff takes issue with the removal from a public website of the minutes of all but three of the School Board's open meetings. Relative to the minutes of closed meetings, plaintiff attempts to convince the Court to review the defendants' compliance with Request No. 10 by citing the appellate court's footnote[1] regarding the requirement under the FMLA that employers notify employees of their rights under the Act before the employer is entitled to take action against the employee for failure to comply with any provision not included in the notice. Plaintiff specifically wants access to the minutes of a June 2008 executive session, in which the defendants purportedly conspired to continue the retaliation against plaintiff by surprising plaintiff and her counsel with the FMLA limitations on recovery. The defendants contend that the minutes of the June 2008 closed meeting with their counsel would reveal their defense strategy and would violate the attorney-client privilege.

Defendants' original objections to Request No. 10 did not mention the open meetings, and the defendants have not specifically addressed the open meeting minutes in response to the current motion to compel. The Court assumes that the minutes of open meetings are available to

---

[1] ***Lewis v. School District #70*, 523 F.3d 730, 744 fn 11 (7th Cir. 2008).**

the public, even if not on a public website. If that is true, then the defendants have no duty to provide the open meeting minutes to plaintiff, as those records are equally accessible to all parties. **(Fed.R.Civ.P. 26(b)(2)(ii)).** In the event that plaintiff does not have access to the open meeting minutes, the defendants must provide the requested minutes to plaintiff. So that all parties share the same understanding regarding the accessability of the open meeting minutes, the defendants will be required to notify plaintiff in writing how the open meeting minutes may be accessed.

With respect to the minutes of the School Board's closed meetings ("executive sessions"), plaintiff's reliance on the appellate court's mention of the FMLA notice requirements is misplaced. At the risk of offering an opinion regarding defendants' pending motions relative to plaintiff's possible remedies, the FMLA notice requirement does not appear to encompass the statutory remedies or the limits thereon that plaintiff considers a "surprise." ***See*** **29 C.F.R. § 825.301.** If the district judge rules otherwise, this issue can be revisited. Therefore, the Court will not effectively reopen discovery to allow plaintiff to explore closed meetings to discovery policy decisions related to the FMLA remedies available to plaintiff, and the Court does not accept the alleged post-appeal retaliation theory proffered by plaintiff. The Court cannot perceive why, in terms of relevance, the defendants would need to supplement their disclosure of closed meeting minutes. Because no further disclosure is required, the Court need not address the defendants' assertion of the work product doctrine and attorney-client privilege, except to note that defendants have not proffered a proper privilege log. In addition, whether the defendant School Board is complying withe the Illinois Open Meetings Act is not an issue in this case, is not dispositive of whether discovery is being properly conducted, and is not pertinent to

this Court's ability to order the disclosure of information if warranted.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel**(Doc. 131)** is **GRANTED IN PART AND DENIED IN PART**, as detailed in this order.

**IT IS FURTHER ORDERED** that:

1. On or before **March 27, 2009**, the defendants must make a supplemental disclosure of compensation for Mark Janssen for the period beginning with the 2004/2005 school year to the present;

2. On or before **March 27, 2009**, the defendants must submit a privilege log or turn over the requested legal bills to plaintiff, whichever they elect; and

3. On or before **March 27, 2009**, the defendants shall notify plaintiff in writing how the open meeting minutes may be accessed.

**IT IS SO ORDERED.**

**DATED: March 13, 2009**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**