# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEBRA L. LEWIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 05-CV-776-WDS |
| | ) |
| **SCHOOL DISTRICT # 70, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are seven (7) pre-trial motions filed by the parties in this case:

(1) Defendants' first motion *in limine* (Doc. 107), to which plaintiff has filed a response (Doc. 115);

(2) Defendants' second motion *in limine* (Doc. 109), to which plaintiff has not filed a response;

(3) Defendants' third motion *in limine* (Doc. 118), to which plaintiff has not filed a response;

(4) Plaintiff's first motion for sanctions (Doc. 132), to which defendants have filed a response (Doc. 136), and plaintiff a reply (Doc. 140);

(5) Plaintiff's second motion for sanctions (Doc. 133), to which defendants have filed a response (Doc. 137), and plaintiff a reply (Doc. 141);

(6) Plaintiff's motion to vacate (Doc. 146), to which defendants have filed a response (Doc. 148), and plaintiff a reply (Doc. 149);

(7) Plaintiff's motion *in limine* (Doc. 152), to which defendants have filed a response (Doc. 154), and plaintiff a reply (Doc. 155).

**BACKGROUND**

Plaintiff alleges that defendants terminated her in retaliation for taking leave under the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §2601 *et seq.*, and, in so doing, breached their employment contract with her. These are the only two remaining claims in this lawsuit. What follows is a series of rulings on all of the pending motions filed in this case.

**ANALYSIS**

**I. Defendants' First Motion *in Limine***

In defendants' first motion *in limine* (Doc. 107) they seek to exclude evidence regarding plaintiff's claims to relief.

The Court must first address defendants' argument that plaintiff is not entitled, as a matter of law, to the relief she is seeking. As a threshold matter, the Court notes that defendants have improperly raised these dispositive legal arguments as part of a motion *in limine*. If the Court were to decide that plaintiff was not entitled to front or back pay, then she would be left with little or no remedy and thus such a ruling would render her claims moot. Since the time for dispositive motions has passed, defendants' motion seeking a ruling that plaintiff is not entitled to relief as a matter of law is **DENIED**.

However, the complexity of the issues presented in defendants' motion warrants further discussion. Defendants argue that plaintiff is not entitled, as a matter of law, to relief in this case because she was unable to return to work. Defendants maintain that plaintiff, her attorney, her health care providers, and government agencies, all agree that plaintiff has been unable to work since March 23, 2005, the date of her termination. Although plaintiff drew full salary as bookkeeper through June 30, 2005, defendants argue that she was not entitled to that pay given

2

her inability to work. Plaintiff argues that there is evidence to show that she did, in fact, return to work after the date of her termination as bookkeeper; that defendants continued to pay her for her work; and, that she continued working in her reassigned position until January 2006, nearly a year after her termination as bookkeeper. The issue of whether plaintiff was able to return to work is one that the jury must decide in this case.

Defendants assert that the *cause* of plaintiff's inability to work is immaterial. *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 515 (6th Cir. 2006).[1] In *Edgar,* the court held that even if the employer caused or exacerbated the health condition which prevented the employee from returning to work, an employee who is unable to work has no claim for relief under the FMLA. *Id.* at 515-16 ("[T]he regulation focuses on whether a "physical or mental condition" prevents the employee from returning to work, not on the cause of that condition . . . . " *Id.*). The Court **FINDS** the Sixth Circuit's reasoning to be persuasive, and applicable to this case. Accordingly, defendants' motion to exclude evidence regarding the *cause* of plaintiff's alleged physical or mental conditions is **GRANTED**.

The claims in this case do not require that the jury hear evidence on the cause of plaintiff's physical or mental conditions to determine whether those conditions rendered her unable to return to work. Plaintiff is, therefore, limited to submitting evidence with respect to the cause of her conditions from the date of her termination up to and including the date of trial.

### A. *Emotional Distress and Consequential Damages*

---

[1]These matters would more properly form the basis of a claim for relief under the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq.*, the Illinois Workers' Occupational Diseases Act, 820 ILCS 310/1 *et seq.*, or the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*.

Defendants also seek to exclude all evidence relating to emotional distress and consequential damages, on the grounds that such damages are not recoverable under the FMLA. See, *Hite v. Biomet, Inc.*, 53 F. Supp.2d 1013, 1024 n.13 (N.D. Ind. 1999) (holding that the FMLA does not provide for emotional distress damages and that other courts that have reached the issue are all in agreement); *Ammons-Lewis v. Met. Water Reclamation Dist. of Greater Chi.*, 2004 WL 2453835, *9 (N.D. Ill. 2002) (holding that the FMLA does not permit recovery of emotional distress damages); *Heltzel v. Dutchmen Mfg., Inc.*, slip copy, 2008 WL 2098306, *1 (N.D. Ind. 2008) (same). As previously discussed, although plaintiff seeks to introduce evidence of her emotional distress at trial to show that she was unable to return to work, not to show that she is entitled to emotional damages under the FMLA, plaintiff, will not be allowed to introduce evidence of the *cause* of her mental or physical conditions. Accordingly, evidence of emotional distress will not be admitted (under either the theory of FMLA recovery or cause of her emotional distress) and defendants motion to exclude evidence relating to consequential or emotional distress damages is **GRANTED**.

### B. Back Pay

Defendants argue that the Court, and not the jury, must decide whether and to what extent plaintiff is entitled to back pay, as back pay is an equitable remedy.[2] In *Franzen*, the Seventh Circuit considered whether the FMLA provided for a right to a jury trial, an issue it characterized as one of "first impression" in the Seventh Circuit. *Franzen v. Ellis Corp.*, 543

---

[2]Defendants cite *Doe v. Oberweis Dairy*, 456 F.3d 704 (7th Cir. 2006), *cert. denied*, 127 S.Ct. 1815 (2007); *David v. Caterpillar, Inc.*, 324 F.3d 851 (7th Cir. 2003); *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495 (7th Cir. 2000) for the proposition that back pay under the FMLA is an equitable remedy which is outside the province of the jury to award. As the Seventh Circuit noted in *Franzen v. Ellis*, 543 F.3d 420 (7th Cir. 2008), the cases defendants cite do not address claims arising under the FMLA, but rather discrimination under Title VII, and do not address the issue of whether plaintiff is entitled to a jury on the amount of or entitlement to back pay. *Id.* at 425.

F.3d 420, 426 (7th Cir. 2008). Although the Court decided the case on other grounds, it noted that the only other circuit to have considered this issue held that the FMLA provides a right to a jury trial. *Id*. at 425 (citing *Frizzell v. S.W. Motor Freight*, 154 F.3d 641 (6th Cir. 1998)). The legislative history of the FMLA indicates a close relationship between the FMLA and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*., and courts have uniformly found that the FLSA provides a right to a jury trial. *Franzen*, 543 F.3d at 426.[3]

Moreover, the Seventh Circuit has, in at least one instance, affirmed a decision of a district court where the issue of back pay under the FMLA was tried before a jury. *See*, *Haschmann v. Time Warner Entm't Co., L.P.*, 151 F.3d 591 (7th Cir. 1998). Therefore, the Court **FINDS** that plaintiff is entitled to a jury trial on the issue of whether and to what extent she is entitled to back pay in this case. Accordingly, the Court **DENIES** defendants' motion to exclude evidence of back pay damages.

### *C. Front Pay*

Defendants argue that the Court, and not the jury, must decide whether and to what extent plaintiff is entitled to front pay[4], as front pay is an equitable remedy. Although the Seventh Circuit has recognized that front pay is an equitable remedy under the FLSA, *Avitia v.*

---

[3] The Supreme Court has similarly recognized that the FLSA provides for the right to a jury trial on the question of back pay. *Lorillard v. Pons*, 434 U.S. 575, 580 (1978). At least one district court in this circuit has looked to the FLSA for guidance in interpreting the FMLA. *Freemon v. Foley*, 911 F. Supp. 326, 330 (N.D. Ill. 1995) (recognizing that the definition of employer in the FMLA tracks closely with the definition of employer in the FLSA).

[4] Front pay is an equitable remedy awarded as a substitute when reinstatement is inappropriate. *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 952 (7th Cir. 1998). Front pay gives the employee the earnings she would have received had she been reinstated to her old job. "Front pay is the difference (after proper discounting to present value) between what the plaintiff would have earned in the future had he been reinstated at the time of trial and what he would have earned in the future in his next best employment." *Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1231 (7th Cir. 1995).

*Met. Club of Chi.*, 49 F.3d 1219, 1231 (7th Cir. 1995), it has not ruled on whether front pay is an equitable remedy under the FMLA. At least one other district court in this Circuit has held that front pay is an equitable remedy to be tried before the judge and not the jury. *Kauffman v. Fed. Express Corp.*, 2006 WL 3232157, *1 (C.D. Ill. 2006). Upon review of the record, the Court **GRANTS** defendants' motion to exclude evidence of front pay, and **FINDS** this to be an equitable remedy which will not be presented to the jury.

The Court, therefore, **DIRECTS** plaintiff to file, upon the conclusion of trial, a brief arguing the merits of awarding front pay damages in this case, if warranted. Upon filing of that brief, defendants shall have ten (10) days in which to file a responsive brief. Plaintiff shall file a reply, if any, within five (5) days of the date on which defendants' response is filed.

### D. Breach of Contract Damages

Defendants argue that plaintiff is entitled to no relief on her breach of contract claim (Doc. 107). Similarly, defendants' third motion *in limine* seeks to exclude evidence of lost earning capacity and consequential damages on plaintiff's breach of contract claim (Doc. 118). The Court will address these motions collectively.

The Court first notes that this Court, each of parties, and the Seventh Circuit have all previously characterized plaintiff's breach of contract claim as one that "rises and falls with her FMLA clam." *Lewis v. School Dist. # 70*, 523 F.3d 730, 745 n.12 (7th Cir. 2008). The Seventh Circuit, however, did not specifically address the issue of whether plaintiff is entitled to any additional damages under her breach of contract claim. *Id.*

Count II of the complaint alleges that defendants breached an employment contract with plaintiff (Doc. 2). Plaintiff alleges that she relied on a supposed agreement created between

6

plaintiff and Robin Hawkins when defendant Hawkins gave plaintiff a packet of information regarding FMLA leave (Doc. 2). The complaint further alleges that defendant Hawkins breached two policy clauses[5] that were made part of that agreement. The Court notes that the language used in both of these provisions tracks closely the language provided by the implementing regulations, which are promulgated by the Department of Labor, issued to provide guidance on the FMLA, and embodied at 29 C.F.R. § 825.604. (Doc. 2, Ex. 1, pg. 8) (citing 29 C.F.R. § 825.604).

Therefore, although the defendants may have *drafted* this policy document, the language used is *based* upon the Department of Labor's interpretation of the relevant FMLA provisions. Therefore, defendants did not create any independent promise upon which plaintiff could now seek recovery.[6] Defendants' promises, to the extent they made them, were those required to be made under the FMLA and 29 C.F.R. § 825.604. Accordingly, interpreting the contract allegedly executed between these parties would require interpreting the FMLA and its

---

[5] The first clause, found under section number 5:195, entitled General Personnel, Family and Medial Leave, Return to Work, states:

> An employee returning from a family and medical leave will be given an equivalent position to his or her position before the leave, subject to the District's reassignment policies and practices . . . The Superintendent shall develop procedures to implement this policy consistent with the federal Family and Medical Leave Act.

(Doc. 2, Ex. 1, pg. 3). The second clause, found under section number 5:185-R, entitled General Personnel, Administrative Procedure - Family and Medical Leave, Response to Leave, paragraph 5, states:

> The Superintendent shall ensure that work and teaching schedules are arranged so that an employee returning from a family and medical leave will be given an equivalent position to his or her position before the leave, subject to the District's assignment and reassignment policies and practices (29 C.F.R. § 825.604).

(Doc. 2, Ex. 1, pg. 8).

[6] To the extent plaintiff claims that her e-mail and letter correspondence with defendants created additional promises, that correspondence is replete with references to the FMLA and to defendants' efforts to comply with the FMLA in accommodating plaintiff's leave requests. (Doc. 2-2).

implementing regulations. Plaintiff's breach of contract claims are inextricably linked to her FMLA claims and, therefore, preempted by the FMLA. The Court **FINDS** that plaintiff is not entitled to breach of contract relief in addition to that which the FMLA provides.

Upon review of the record, the Court, *sua sponte*, **DISMISSES** plaintiff's breach of contract claim as it is preempted by her claims under the FMLA (Count II). Accordingly, defendants' motion *in limine* (Doc. 107), to the extent it seeks to exclude evidence regarding contractual damages is **DENIED** as moot (Doc. 107). The Court also **DENIES** as moot defendants' third motion *in limine* (Doc. 118).

**II. Defendants' Second Motion *in Limine***

Before the Court is defendants' second motion *in limine* and miscellaneous other requests (Doc. 109). The motion contains some 17 separate grounds for relief. Upon review of the record, the Court rules on each of these matters as follows:

1. The Court **GRANTS** defendants' motion to exclude any evidence, argument, or suggestion regarding defendants' insured status offered for the purpose of demonstrating to the jury that defendants are insured against loss for any judgment entered in this case. Defendants' insured status is admissible for other purposes, as set forth in Fed. R. Evid. 411.

2. The Court **GRANTS** defendants' motion to exclude evidence, argument, or suggestion regarding the financial status of any of the parties to this action. *Van Bumble v. Wal-Mart Stores, Inc.*, 407 F.3d 823, 826 (7th Cir. 2005).

3. The Court **GRANTS** defendants' motion to exclude any evidence, argument, or suggestion that the jury put itself in the position of plaintiff or that any recovery in this case be made on what the jury would want for themselves in circumstances similar to this case. *Spray-*

*Rite Service Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982).

4. The Court **RESERVES RULING** on defendants' motion to exclude any evidence, argument, or suggestion regarding the character, wrongful behavior, or rumors of wrongful behavior of any defendants. To the extent that plaintiff attempts to submit such evidence to the jury, defendants may renew their Fed. R. Evid. 608 objection at trial.

5. The Court **GRANTS** defendants' motion to exclude the presentation of any motions *in limine* and the ruling of the Court on those motions.

6. The Court **DENIES** defendants' motion to exclude evidence, argument, or suggestion regarding number of attorneys used by defendants or the size of Hinshaw & Culberston LLP (defendants' attorneys), the number of attorneys employed by it, the number of its offices, and the nature of its practice and clientele.

7. The Court **GRANTS** defendants' motion to exclude the presentation of the ruling and opinion of the Seventh Circuit Court of Appeals previously entered in this cause on April 17, 2008, in Matter No. 06-4435 and the mandate. The Court will follow the Seventh Circuit mandate, but it is not for the parties to refer to the ruling in the presence of the jury.

8. The Court **GRANTS** defendants' motion to exclude evidence, argument, or suggestion regarding all claims previously dismissed or upon which final judgment has been entered herein and not reversed.

9. The Court **GRANTS** defendants' motion to exclude evidence, argument, or suggestion regarding whether defendants complied with the Illinois School Code, 105 ILCS 5/1-1 *et seq*.

10. The Court **GRANTS** defendants' motion to exclude evidence, argument, or suggestion regarding whether defendants complied with the Illinois Open Meetings Act, 5 ILCS

120/1 *et seq*.

11. The Court **GRANTS** defendants' motion to exclude evidence, argument, or suggestion regarding whether defendants complied with the Illinois Personnel Record Review Act, 820 ILCS 40/1 *et seq*.

12. The Court **GRANTS** defendants' motion to exclude evidence, argument, or suggestion regarding any political party or any political party affiliation of any party to this litigation.

13. The Court **GRANTS** defendants' motion to exclude witnesses' testimony, comments, or evaluation regarding the veracity, believability, or credibility of any other witness in the case except as authorized by Fed. R. Evid. 608.

14. The Court **GRANTS** defendants' motion to exclude evidence, argument, or suggestion regarding the existence of any other lawsuits in which the defendants, their expert, or other witnesses may have been named as a party, as these other lawsuits are not related to this action and have no apparent bearing on this action or the outcome of the action.

15. The Court **DIRECTS** the parties that all non-party witnesses shall be excluded from the courtroom until they testify.

16. The Court **INSTRUCTS** the parties that any objection to the manner in which a preemptory challenge or a challenge for cause is exercised during jury selection shall be made at sidebar.

17. The Court **DENIES** defendants' motion for order stating that a violation of any order *in limine* issued pursuant to this or any other motion constitute grounds for mistrial and subject the offending party to payment of reasonable costs and attorney's fees incurred as a

result thereof.

## IV. Plaintiff's First Motion for Sanctions

Plaintiff has filed a motion for sanctions (Doc. 132), to which defendants have filed a response (Doc. 136), and plaintiff a reply (Doc. 140). Plaintiff seeks to impose sanctions on defendants for failure to disclose defendant School District #70's FMLA policy documents. Plaintiff argues that defendants' supported their motion *in limine* (Doc. 107) with a previously undisclosed school policy. Plaintiff now recognizes that the "school policies" on which the motion for sanctions is based are, in actuality, implementing regulations that the Department of Labor promulgated, which are embodied in the Code of Federal Regulations at 29 C.F.R. § 825.21(b). Plaintiff concedes that her motion for sanctions should be denied. (*See* Doc. 140). Accordingly, the Court **DENIES** plaintiff's first motion for sanctions (Doc. 132).

## V. Plaintiff's Second Motion for Sanctions

Plaintiff has also filed a second motion for sanctions (Doc. 133), to which defendants have field a response (Doc. 137), and plaintiff a reply (Doc. 141). Plaintiff seeks various forms of relief in addition to sanctions.[7]

Plaintiff argues that counsel for defendant, Charles R. Schmadeke, has engaged in misconduct throughout this lawsuit when he: (1) altered plaintiff's interrogatory before posing it to the school board defendants; (2) filed a baseless motion *in limine* (Doc. 107) which revealed a

---

[7] Plaintiff seeks (1) to impose sanctions on defense counsel Schmadeke, (2) to disqualify him and his law firm from representing defendants, (3) an Order requiring the production of correspondence and recordings of closed session meetings between defense counsel and defendants' insurer, (4) attorney fees for time expended responding to defendants' motion in limine (Doc. 107), preparing for the first scheduled trial, preparing for and attending mediation, and for bringing this motion, (5) an Order denying defendants' motion in limine (Doc. 107), (6) an Order allowing plaintiff to argue at trial that defendants' motion in limine was a retaliatory act; (7) a finding that defendants violation was the proximate cause of plaintiff's disability; (8) to proceed with this suit at trial, and (9) all other equitable relief the Court deems appropriate. The Court will address each of plaintiff's arguments in turn.

previously undisclosed FMLA policy[8]; (3) filed that motion *in limine* one month before trial to coerce plaintiff's participation in mediation; (4) supplied documents to the mediator secretly to improperly influence mediation. Plaintiff also maintains that Schmadeke has engaged in these "abrasive" litigation tactics in an effort to cause and perpetuate plaintiff's emotional distress.

### A. Altering Interrogatories

On February 20, 2006, plaintiff posed interrogatories to members of the defendant School Board. The original interrogatory asked:

> Have you any knowledge of any accusations made against Robin Hawkins of improper conduct with students? If so, state when he was accused, who accused him, when the conduct allegedly took place, where the conduct allegedly occurred, what the conduct allegedly was, the student's name, if the incident was investigated and if so by who and when, if a state agency was involved identify it and any case number assigned, and state the outcome.

The question that counsel for defendant included in this answer was:

> Have you ever been accused of improper conduct with the students? If so, state when you were accused, who accused you, when the conduct allegedly took place, where the conduct allegedly occurred, what the conduct allegedly was, the student's name, if the incident was investigated and if so by who and when, if a state agency was involved identify it and any case number assigned, and state the outcome.

Counsel for defendants explains that, in preparing a document to send to opposing counsel with his clients' answers to plaintiff's interrogatories, he inadvertently transposed the specific interrogatory directed to defendant Hawkins into the other defendants' answers, making it appear as if none of the School Board Members' were asked the more specific question regarding defendant Hawkins alleged inappropriate contact with students.

---

[8] The Court previously denied plaintiff's motion for sanctions on these grounds, as plaintiff has conceded that defendants did not withhold an FMLA policy document. Accordingly, the Court will not revisit that issue here.

12

Defendants maintain, however, that counsel presented defendant Board Members with the interrogatories that plaintiff submitted to them in unaltered form. Accordingly, defense counsel's transcription error did not affect the evidence that plaintiff obtained as a result of posing her interrogatories.[9] Therefore, plaintiff has failed to demonstrate sanctionable conduct and plaintiff's motion for sanctions on the basis of defense counsel's alleged alteration of interrogatories is **DENIED**.

### B. *Coercing Mediation*

Plaintiff next asserts that defendants filed a motion *in limine* (Doc. 107) only one month before trial in an attempt to coerce plaintiff to consent to mediation in this case, and that the basis of defendants' motion *in limine* is to exclude any evidence regarding some of the relief that plaintiff has claimed. Plaintiff argues that defendants have implied that this Judge is somehow biased in favor of defendants, would rule in favor of defendants on their motion *in limine*, and limit the amount of damages, attorney's fees, and front pay if the case were to go to trial.

The Court first notes that both parties voluntarily submitted to mediation in this case. Although defendants suggested that the parties engage in mediation and, in fact, paid for all costs related to it, plaintiff was free to decline mediation. Neither defendants, nor the courts, have the power to compel mediation on unwilling litigants. Fed. R. Civ. P. 16(c)(2)(I). Plaintiff's other allegations, that defendants attempted to convince plaintiff that this Judge would rule in their favor at trial and, as a result, coerced mediation is unavailing. The Court has maintained neutrality in this case, both as to the parties and the claims involved. Allegations of bias,

---

[9]The Court notes that, in an Order dated July 6, 2006 (Doc. 36), the Court entered a protective order barring plaintiff's counsel from inquiring about defendant Hawkins' alleged inappropriate relationship with students. These interrogatories regarded that conduct and defendants objected to them, whether posed generically or specifically, as irrelevant and prejudicial. Without defense counsel's transcription error, plaintiff would not have obtained evidence.

13

without more, are improper. See, 28 U.S.C. §§ 144, 455.

Moreover, the Court cannot protect plaintiff from the litigation strategies that defense counsel used to compel mediation in this case, namely, by convincing plaintiff that her claims for relief lacked legal merit and were likely to be denied by the Court. Simply put, defense counsel's actions do not amount to sanctionable conduct. Accordingly, the Court **DENIES** plaintiff's motion for sanctions (Doc. 133) on these grounds. The Court **FURTHER DENIES** plaintiff's motion for attorney fees for the costs of responding to defendants' motion *in limine*, preparing for the first scheduled trial, preparing for and attending mediation, and for bringing this motion.

### C. *Wrongful Conduct During Mediation*

Plaintiff alleges that defendants secretly disclosed their motion *in limine* to the mediator in an attempt to taint the mediation process. Defendants argue that their disclosure of that document was in accordance with the mediator's request for both parties to gather additional information which may have affected their discussions. Plaintiff contends that defendants' disclosure undermined the mediator's request that the parties submit position papers not exceeding five pages. Defendants' disclosure appears to comply with, if not the letter, at least the spirit of the mediator's instructions. At any rate, the mediation was not successful in this case. Plaintiff may have stated a stronger ground to impose sanctions had the parties reached settlement in this case as a result of a tainted mediation process, but that was not the result. Because plaintiff has not established that defendants engaged in sanctionable conduct, plaintiff's motion for sanctions is **DENIED** on these grounds.

### D. *Abrasive Conduct*

Plaintiff argues that the actions of defense counsel, when taken together, amount to intentional conduct aimed at causing and perpetuating plaintiff's emotional distress. Plaintiff contends that this pattern of conduct amounts to intentional infliction of emotional distress and retaliation. Specifically, plaintiff argues that defendants filed a motion *in limine* aimed at limiting plaintiff's ability to obtain relief in this case based on an alleged retaliatory motive or intent to cause emotional distress. Plaintiff also contends that defendants engaged in this conduct at the behest of their insurer, who has allegedly instructed them to cause and prolong the emotional distress of plaintiff.[10]

Litigation is a trying process for the parties involved, and the unfortunate result is that, at times, both parties become fatigued by the stress of working up a case for trial. But the plaintiff made the decision to pursue litigation in this case against defendants. She continues to pursue her case against them and must accept the realities of the legal process if she wants to continue. The fact that defendants are employing a vast array of litigation techniques that frustrate plaintiff cannot, alone, serve as the basis for imposing sanctions or granting plaintiff relief. Plaintiff has failed to allege conduct on behalf of defense counsel that rises above the level of strategic litigation conduct designed to "zealously" represent their clients.

Upon review of the record, the Court **DENIES** plaintiff's motion for an Order requiring production of correspondence and recordings of closed session meetings between defense counsel and defendants' insurer, an Order allowing plaintiff to argue at trial that defendants'

---

[10] Counsel for the defendants argues that he has only exchanged "hello" and "goodbye" greetings with plaintiff and has not had any personal exchanges with her outside of the deposition defendants conducted of plaintiff on August 14, 2006. The record does not reflect that defendants treated plaintiff with anything but courtesy and respect. The Court notes that "a lawyer representing a party in litigation is expected to be a zealous advocate on behalf of a client . . . ." *Von Moltke v. Gillies*, 332 U.S. 708, 725-26 (1948).

motion *in limine* was a retaliatory act, a finding that defendants' violation was the proximate cause of plaintiff's disability, and all other equitable relief that the Court deems appropriate. The Court **GRANTS** plaintiff's motion to proceed with trial.

The Court **RECOMMENDS** to the parties that they focus solely on the litigation issues in this case and refrain from casting unsupported, vituperative aspersions at each other. Allegations of this nature do nothing to forward litigation and, as set forth above, are not relevant to the legal issues in this case. The parties are advised that the Court will not tolerate this kind of behavior in further matters before this Court.

## VI. Plaintiff's Motion to Vacate

Plaintiff has filed a motion to vacate (Doc. 145), to which defendants have filed a response (Doc. 148), and plaintiff a reply (Doc. 149). On February 26, 2009, defendants filed a motion for leave to file an amended answer admitting that they violated the FMLA, 26 U.S.C. § 2615 (Doc. 134). On March 16, 2009, the Court granted that motion (Doc. 144). Plaintiff now seeks to vacate that Order because she was not able to file a response before the Court made its ruling.

Plaintiff argues that, although the Court granted defendants' motion on March 16, Local Rule 7.1[11] and Fed. R. Civ. P. 6(a)(2), (d)[12] allowed her until March 17 to file a response. The Court notes that leave to amend is to be "freely given when justice requires." Fed. R. Civ. P.

---

[11] Local Rule 7.1 states, in relevant part, that a response to a non-dispositive motion shall be filed within ten (10) days after service of the motion. *See* SDIL-LR 7.1(g).

[12] Federal Rule of Civil Procedure 6 states, in relevant part, that when computing a response deadline, weekend days and legal holidays should be excluded when the response period is less than eleven (11) days. Fed. R. Civ. P. 6(a)(2). Rule 6 also extends the period in which a party must act by three (3) days if service is made under Rule 5(b)(2)(C), (D), (E), or (F). Fed. R. Civ. P. 6(d). Motions served by electronic means add three (3) additional days to the response period. Fed. R. Civ. P. 5(b)(2)(E).

16

15(a). If "undue delay, bad faith, or dilatory motive" underlie the motion for leave to amend, or granting leave would cause "undue prejudice to the opposing party," the Court may deny that motion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

In her proposed response to defendants' motion for leave to amend, plaintiff argues that defendants' now–after forty-two (42) months of litigation, an appeal, and a failed mediation–have sought leave with the purpose to cause undue delay, in bad faith, and with dilatory motive. After a lengthy litigation battle against defendants, plaintiff has finally persuaded defendants *to admit liablity on the primary claim in plaintiff's lawsuit*. Rather than celebrate this achievement, plaintiff, somewhat puzzlingly, argues that defendants' attempt to admit liability has been made to cause undue delay, in bad faith, and with dilatory motive. If anything, defendants' admission will simplify the issues for the jury to consider at trial, shorten the length of trial and, can only serve to bring this case to a more expeditious close. That defendants' admitted liability with the strategy of focusing on how to limit plaintiff's relief in this case is not sufficient to establish defendants' bad faith or dilatory motive alone, and plaintiff has not cited any cases to support this theory.

Allowing defendants to admit liability also does not prejudice plaintiff. From the moment a lawsuit is filed, the need to prove entitlement to relief is clear. Plaintiff cannot now argue that she is somehow surprised that defendants are seeking to limit her recovery in this case. No further discovery is necessary in order to properly vet the issue of plaintiff's recovery at trial. By admitting to liability and, thereby, shifting the focus of this case to plaintiff's claims for relief, defendants are not forcing plaintiff to adopt a *new* trial strategy, but rather requiring plaintiff to adjust the focus of their existing strategy towards the issue of monetary loss. The

cost of trying this case will be less, now that the parties will only need to present evidence to the jury on one issue: plaintiff's entitlement to relief. Simply put, defendants' admission of liability simplifies this case for the parties, their attorneys, the jury, and the Court. Plaintiff cannot argue that defendants' admission causes her prejudice, as she has had over three years now to prepare for making her showing to the jury that she is entitled to relief. Upon review of the record, the Court **DENIES** plaintiff's motion to vacate (Doc. 145).

## VII. Plaintiff's Motion *in Limine*

Plaintiff has also filed a motion *in limine* (Doc. 152), to which defendants have filed a response (Doc. 154), and plaintiff a reply (Doc. 155). Plaintiff seeks to use audio recordings of closed session school board meetings and transcripts of those recordings at trial. Defendants contend that such evidence is irrelevant, now that defendants have admitted liability under the FMLA. The Court agrees, this evidence is irrelevant to the jury's determination of the issue of whether, and to what extent, plaintiff is entitled to relief in this case.

Accordingly, the Court **DENIES** plaintiff's motion *in limine* (Doc. 152) and bars the use of such evidence at trial. The Court may consider this evidence, however, for the purposes of determining whether an award of liquidated damages is appropriate, subject to defendants objections, if any. The Court, and not the jury, maintains discretion to award liquidated damages under the statute. 29 U.S.C. §§ 2617(a)(1)(A)(iii). The parties are **DIRECTED** to include, in their briefs on the issue of plaintiff's entitlement to front pay, argument on the issue of whether liquidated damages are appropriate.

## **CONCLUSION**

Upon review of the record, the Court **GRANTS IN PART** and **DENIES IN PART**

defendants' first motion *in limine* (Doc. 107), as set forth more fully herein.

The Court, *sua sponte*, **DISMISSES** plaintiff's breach of contract claim (Count II), with prejudice, in favor of defendants and against plaintiff.

The Court **GRANTS IN PART** and **DENIES IN PART** defendants' second motion *in limine* (Doc. 109) as set forth more fully herein. The Court **DIRECTS** the parties to instruct their witnesses, family members, and friends in accordance with this Order.

The Court **DENIES** defendants' third motion *in limine* (Doc. 118) and plaintiff's first motion for sanctions (Doc. 132).

The Court **GRANTS IN PART** and **DENIES IN PART** plaintiff's second motion for sanctions (Doc. 133).

The Court further **DENIES** plaintiff's motion to vacate (Doc. 145) and plaintiff's motion *in limine* (Doc. 152).

The Court notes, that as a result of these rulings, the sole issue to be resolved by the jury at trial is whether, and to what extent, plaintiff is entitled to *back pay* under the FMLA for defendants' illegal retaliation. Plaintiff is advised that she may introduce evidence, subject to defendants' objections, that attempts to establish her physical and mental conditions during the relevant time period, from the date she was terminated until the date of trial. Plaintiff is prohibited from attempting to introduce evidence regarding the alleged *cause* of plaintiff's physical and mental conditions.

Finally, the Court **DIRECTS** plaintiff to submit a brief, within ten (10) days of the close of trial arguing the merits of awarding front pay and liquidated damages in this case. Defendants shall file a brief in response within ten (10) days of plaintiff's brief being filed. Plaintiff may file

19

a reply, if any, within five (5) days of defendants response.

**IT IS SO ORDERED.**

**DATED: April 6, 2009.**

                     s/ WILLIAM D. STIEHL
                        **District Judge**