# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEBRA L. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-CV-776-WDS |
| | ) | |
| SCHOOL DISTRICT # 70, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion to continue (Doc. 158), to which defendants have filed a response (Doc. 160); and plaintiff an affidavit (Doc. 161), and a reply (Doc. 162). Plaintiff seeks a continuance of the trial of this matter, which is currently scheduled for April 14, 2009, for an indefinite period of time. The Court considers this motion to arise under Fed. R. Civ. P. 6, which allows a motion for extension of time to be granted for good cause shown. As part of the motion, plaintiff also requests an extension of the discovery and dispositive motions deadlines (which ended in August of 2006) and further seeks to have the Court impose additional discovery depositions costs upon defendants.

This matter was remanded by the Court of Appeals after plaintiff successfully appealed the Court's order granting summary judgment. The Court of Appeals found inter alia that this Court erred in that part of its decision when it granted defendants summary judgment on plaintiff's FMLA retaliation claim. *See, Lewis v. School Dist. #70,* 523 F.3d 730,742-44 (7th Cir. 2008). After remand, defendants sought and received leave of Court to amend their answer to admit liability under the FMLA (See Order at Doc. 145 granting leave). Plaintiff then sought leave to vacate that order (Doc. 146) which the Court denied in its Order of April 6, 2009 (See,

Order at Doc. 157). Plaintiff maintains that because defendants amended their answer just eight (8) days before trial, she is without sufficient time to understand defendants' "new" positions and needs to conduct further discovery to "avoid surprise." Notably, the defendants' amended answer, and the fact that as a part of that amended answer they were admitting liability, has been at issue, and therefore known to plaintiff, since at least February 26, 2009, not just eight days before trial.

As this Court made clear in its Order of April 6, 2009 (Doc. 157), defendants amended answer did not raise any "new" positions or affirmative defenses, it only admitted liability on the key federal claim, retaliation under the FMLA. That Order also noted that defendants' admission simplifies the issues for trial and certainly lessens the burden that plaintiff faces. No longer does plaintiff have to establish a right to recover for violations of the FMLA, that has been admitted. The only burden remaining on plaintiff is to establish the amount of damages she suffered for the FMLA violation.

Plaintiff, therefore, cannot now argue that she is somehow "surprised" or prejudiced by the fact that defendants have admitted liability. Plaintiff has borne the burden of proving damages since the moment she filed this suit. Neither defendants' admission of liability nor their efforts to limit recovery change that fact. The remedial scheme of the FMLA has also not changed. Plaintiff's alleged need for additional time to conduct investigations, depositions, or discovery at this stage in the litigation is simply not warranted. The Court's ruling on the motion *in limine* should not require any discovery, and the Court **FINDS** that it would be improper to extend either deadline at this juncture of the proceedings.

With respect to that part of the motion which seeks a continuance of the trial of this

matter, the plaintiff maintains that she has been unable to reach her therapist, a "key witness" at trial. The Court advised both parties of the trial date when it entered the scheduling order in January 2009. That plaintiff's therapist is, for some reason unavailable for trial now, some three (3) months later, does not establish the "good cause" necessary to grant a continuance.

Plaintiff finally states that she is mentally unfit to prepare for or participate in trial, due to the Court's recent order and the defendants' admission of liability. In support of her motion to continue, plaintiff has submitted an affidavit signed by her attorney (her husband), which alleges that plaintiff is unfit to prepare for or participate in trial. Counsel asserts that plaintiff felt so betrayed by the Court's Order dated April 6, 2009 (Doc. 157), that she required medical care, which she sought from the emergency room. Counsel maintains that such reaction to bad news is typical of plaintiff's condition.

The Court is not unsympathetic to plaintiff's condition, and notes the extenuating nature of the circumstances in this case. David Lewis, as plaintiff's attorney and husband, is serving many different roles in this litigation. However, the burden of proof on plaintiff and her counsel has been substantially reduced by defendants' admission of liability. Plaintiff's contention about the burden of proof placed on plaintiff as a result of defendants' admission is simply incorrect. And, the only remaining issue for the jury to determine in this case is whether plaintiff suffered any damages as a result of defendants' admitted violation of the FMLA. *See Ragsdale v. Wolverine World Wide Inc.*, 535 U.S. 81, 89 (2002).

However, given the nature of the allegations rasied by the motion to continue, the Court **FINDS** that a brief continuance is warranted in this case. Accordingly, the Court **GRANTS** in part and **DENIES** in part the plaintiff's motion to continue (Doc. 158).

The Court **DENIES** that part of the motion which seeks an extension of the discovery and dispositive motion deadlines. The Court **GRANTS** the motion to continue and this matter is **HEREBY** rescheduled for trial on Wednesday, May 27, 2009, at 9:00 A.M.

**IT IS SO ORDERED.**

**DATED: April 13, 2009.**

                                                    s/ **WILLIAM D. STIEHL**
                                                          **District Judge**