IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEBRA L. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 05-CV-776-WDS |
| | ) | |
| SCHOOL DISTRICT # 70, a corporation, | ) | |
| JOHN BLOEMENKAMP, TAMMY | ) | |
| CARPENTER, ROBIN HAWKINS, | ) | |
| SHANE JONES, STEVE LINDAUER, | ) | |
| HERSCHEL PARRISH, DEAN | ) | |
| SALVATORE, RICHARD TROLARD, | ) | |
| LAURIE WATKINS and SCOTT | ) | |
| WEBER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on several pending motions. Before addressing the merits of the motions, the Court will make a brief review of the procedural history of this case. Plaintiff, who is the former bookkeeper of Freeburg School District #70, filed her complaint in 2005. She alleged that the defendants violated the Family and Medical Leave Act (FMLA) (Count I): Breach of Contract (Count II); Defamation by defendant Jones, the District's attorney (Count III); and, Intentional Infliction of Emotional Distress (Count IV). The Court granted summary judgment in favor of all defendants and plaintiff appealed that Order. The Court of Appeals affirmed the ruling on Counts III and IV, but reversed the ruling with respect to Counts I and II and remanded the action for further proceedings on those counts. *Lewis v. School District No. 70*, 523 F.3d 730 (7th Cir. 2008).

On April 24, 2009, the parties appeared before Magistrate Judge Proud for a settlement conference. The plaintiff appeared in person, with her attorney, David Lewis. The defendants

were represented by their attorney William Hardy, defendant Dr. Robin Hawkins appeared in person and on behalf of the other defendants, and Brian Brown, a claims adjuster for American Insurance Group, Inc. (AIG) was present at the settlement conference as well. The parties reached a settlement agreement after a full day of negotiations, and the terms of that settlement were placed on the record (See transcript at Doc. 173). Shortly after the settlement, one of the named defendants, Hawkins, committed suicide, and immediately thereafter, plaintiff's counsel notified the defense that plaintiff would seek to have the settlement set aside. Defendants filed a motion to enforce settlement which the Court granted (See Doc. 174). As part of that order, plaintiff was ordered to sign the settlement documents by Noon on Monday, June 15, 2009.

      Plaintiff subsequently filed a motion to continue on the grounds that plaintiff's physical and mental health was such that she could not sign the documents as directed. The Court granted plaintiff's motion and directed the parties to appear at a status conference on July 10, 2009. The Court thereafter entered an Order (Doc. 180) which, inter alia, directed plaintiff, once again, to sign all settlement documents (including the amended documents the parties had agreed upon) by August 17, 2009. Defendants were obligated to continue paying plaintiff's health insurance through the month of August 2009, and, as part of that Order, notified the plaintiff that failure to comply with the terms and conditions of the Order could constitute contempt of Court for which plaintiff could be sanctioned, including dismissal of the case. Fed. R. Civ. P. 41(b).

      Apparently not believing the Court, plaintiff did not sign the documents, but, rather, filed a motion to reconsider (Doc. 185) to which defendants filed a response (Doc. 192) and plaintiff a reply (Doc. 193). Plaintiff filed another status report on September 28, 2009, (Doc. 194) stating that she had not suffered a heart attack, but rather has "nutcracker esophagus" which can cause some difficulty in swallowing and chest pains. Plaintiff has now filed a motion for leave to file

additional exhibits, including a newspaper article which appeared in the Belleville News Democrat, and an editorial from the same newspaper (Doc. 195).

Plaintiff has filed a motion to reconsider and to supplement the complaint (Doc. 185) seeking to have the Court void the agreement that the parties reached, and allow her to plead additional causes of action that plaintiff alleges have only come-to-light after the death of defendant Hawkins.  The defendants have filed a response to the motion for reconsideration (Doc. 191) and plaintiff has filed a reply (Doc. 193).  In addition, plaintiff filed a motion for leave to file additional documents (Doc. 195) and another motion which seeks interim relief under FMLA (Doc. 187) to which defendants have filed a response (Doc. 192).

Plaintiff asserts that material facts were "hidden" from her with respect to an internal investigation into Hawkins' character and conduct. Plaintiff asserts that this information was concealed as early as 2006, that she was not allowed to develop her case throughout the litigation process, and therefore, the settlement was flawed and should be set aside.  Plaintiff's basis for filing these post-settlement motions is based upon her belief that she was replaced as a bookkeeper at the Freeburg Grade School by a man who had a personal relationship with Hawkins. The death of Hawkins after the settlement conference led plaintiff to question the terms of the settlement.   Plaintiff asserts that Hawkins' suicide is an admission of guilt. Defendants assert that the police investigation was not known to defense counsel at the time of the settlement conference, and that even if he had known of such an investigation, that knowledge would have been privileged. Moreover, defendants assert that the plaintiff's settlement agreement was complete, knowing and voluntary, and therefore, enforceable. Defendants seek sanctions against the plaintiff for her most recent pleadings.

**Enforcement of the Settlement Agreement**

3

As the Court discussed in its prior Orders (See Docs. 174, 180), the settlement in this case was valid. There was a clear agreement to settle and release *all* claims in the case. The Court specifically found, well after the death of Hawkins, that there was a meeting of the minds and that the parties entered into an enforceable oral settlement on April 23, 2009. Plaintiff, nevertheless, continues to assert fraud as a basis for voiding that settlement. As the Court has previously discussed, settlement agreements are, essentially, contracts, and therefore enforcement of the agreement is governed by the contract law of the state where the agreement was made. *Lynch v. SamantaMason, Inc.,* 279 F.3d 487, 489 (7th Cir. 2002). Under Illinois law, a party contending fraudulent inducement in the making of a settlement agreement based on a claim of fraud must meet a fairly high standard of proof. *In re Marriage of Hawkins,* 106 Ill. App.3d 68, 70-71, 61 Ill. Dec. 945, 435 N.E.2d 786, 788 (1982) ("a settlement agreement procured by fraud, coercion, or one that is contrary to any rule of law, public policy, or morals, will be set aside and vacated").

" A settlement that is legal and binding on its face is presumed valid; such presumption can be overcome by proving through clear and convincing evidence that there was fraud in the inducement , fraud in the execution, mutual mistake or mental incompetency." *In re Marriage of Goldberg*, 668 N.E.2d 1104, 1107 (Ill. App. Ct. 1996). Further:

> The complaining party must show that the other party falsely stated a material fact; the fact was intentionally misstated or concealed to induce the complaining party to act; and that the complaining party detrimentally relied upon the misstatement or the nonexistence of the fact.

*Id.* (quoting *In re Marriage of Bashwiner,* 438 N.E.2d 490, 494-95 (Ill. App. Ct. 1982)). As the Court previously determined, even assuming, *arguendo,* that the defendants were aware of an ongoing investigation at the time of the settlement negotiations, the defendants were under no

obligation to reveal this fact to the plaintiff. The Protective Order (Doc. 36) which was entered in July of 2006, determined that these issues were not related to plaintiff's claims and that plaintiff was, therefore, precluded from bringing those issues into the case. As the Court noted in its Order of June 12, 2009, "Plaintiff's speculation regarding Hawkins' alleged misconduct is as irrelevant to her claims now as it was at the time the Protective Order was entered nearly three years ago." *Id.* at 7-8. As the Court stated, the issue in this case is whether the defendants fired plaintiff in retaliation for her exercise of her rights under the Family and Medical Leave Act. Plaintiff cannot bootstrap her suspicions about any alleged misconduct by Hawkins to her FMLA claim. Given the Court's early determination that her claims with respect to her termination were FMLA based, the Court remains convinced that any alleged misconduct by Hawkins was clearly irrelevant to her FMLA claims.

And, moreover, as the Court also previously detailed in its Order, any assertions with respect to the relevancy of Hawkins' alleged misconduct were rendered immaterial to liability because the defendants admitted liability in this case before the settlement conference occurred. Once liability was admitted, the only remaining issue would be plaintiff's amount of loss under a FMLA cause of action for wrongful termination. Fraud claims, once liability has been conceded, have little bearing even on the issue of *amount* of loss for the FMLA violation or for the breach of contract. Under 29 U.S.C. § 2617(a)(1)(A), a plaintiff's damages for an FMLA violation are usually limited to prejudgment interest and liquidated damages. The Court notes that the settlement amount of over $260,000 is not only reasonable, but, in all likelihood, given the admission of liability, more than she might have recovered if she had chosen to go to trial.

## **CONCLUSION**

Accordingly, the Court **RULES AS FOLLOWS**:

1.  Plaintiff's motion for reconsideration and to supplement complaint (Doc. 185) is **DENIED**.

2.  Plaintiff's motion for leave to file additional exhibits (Doc. 195) is **DENIED**.

3.  Plaintiff's motion for interim equitable relief (Doc. 187) is **DENIED** as moot.

4.   Plaintiff **SHALL EXECUTE** all relevant documents related to the agreed-to and valid settlement on or before Monday, January 25, 2010, at Noon.  This case is over, the settlement is valid and enforceable and it must be finally completed.  The Court **HEREBY** places plaintiff and her counsel on notice that failure to comply with this Order of the Court **WILL RESULT** in dismissal of the cause of action and the imposition of further sanctions, including attorney's fees.

5.  Defendants' request for sanctions is **DENIED** at this time.  If plaintiff does not timely comply with this Order, the Court will favorably entertain a renewed motion after January 25, 2010.

**IT IS SO ORDERED.**

**DATED: January 11, 2010.**

                                               **s/ WILLIAM D. STIEHL**
                                                         **District Judge**